# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ANTOINE A. GIROUARD and <br> JESSICA A. GIROUARD, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Docket no. 2:17-CV-22-GZS <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER ON PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

Before the Court is Plaintiffs' Motion to Dismiss Defendant's Counterclaims (ECF No. 30). After considering the parties' briefing and argument at the hearing on May 10, 2018, the Court DENIES IN PART the Motion and RESERVES RULING IN PART as briefly explained herein.

Regarding Defendant's Counterclaim Count I (Unjust Enrichment), the Court determines that it cannot dismiss the counterclaim in the absence of discovery regarding the taxes and fees Wells Fargo claims to have advanced to maintain the property at issue in this matter. (See Def.'s Answer (ECF No. 28), PageID # 161.) The Court therefore DENIES Plaintiffs' Motion as to Counterclaim Count I.

Regarding Defendant's Counterclaim Count II (Declaratory Judgment/Quiet Title), the Court determines that the counterclaim is best considered under a summary judgment standard. In their Third Amended Complaint, Plaintiffs request "a declaratory judgment declaring that the . . . note and mortgage are unenforceable and that they own the property free and clear of Wells Fargo's

mortgage encumbrance."  (Third Am. Compl. (ECF No. 27), PageID # 155.)  Defendant's Counterclaim Count II requests in part that the Court "declar[e] unequivocally that Wells Fargo holds title to the Property, deeding the property to Wells Fargo."  (Def.'s Answer, PageID # 163.)  In the Court's current view, the viability of Defendant's Counterclaim Count II overlaps with a determination of the viability of Plaintiffs' mirror image claim for declaratory relief.  The Court believes both claims may be resolved as a matter of law as it appears the relevant material facts are not in dispute.  The Court therefore gives the parties notice that it will consider Plaintiffs' claim and Defendant's Counterclaim Count II under a summary judgment standard.  See Berkovitz v. Home Box Office, Inc., 89 F.3d 24, 29 (1st Cir. 1996) (outlining preconditions for a court to enter summary judgment sua sponte).

The parties shall, by May 25, 2018, (1) supplement the record as necessary with any essential evidence and (2) submit briefing of no more than ten (10) pages as to whether the Court should grant summary judgment for Plaintiffs on their claim or grant summary judgment for Defendant as to Counterclaim Count II.  The parties may submit responsive briefs of no more than five (5) pages by June 1, 2018.

For the foregoing reasons, the Court DENIES IN PART Plaintiffs' Motion to Dismiss as to Defendant's Counterclaim Count I.  As to Defendant's Counterclaim Count II, the Court RESERVES RULING and hereby instructs the parties to submit further briefing to allow the Court to consider whether this counterclaim and Plaintiffs' similar claim for declaratory judgment may be resolved under Federal Rule of Civil Procedure 56(f).

SO ORDERED.

      /s/ George Z. Singal  
      United States District Judge

Dated this 14th day of May, 2018.