UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANTOINE A. GIROUARD and<br>JESSICA A. GIROUARD,<br><br>          Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)  Docket no. 2:17-CV-22-GZS<br>)<br>)<br>)<br>)<br>) |

**ORDER ON PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS**

Before the Court is Plaintiffs' Motion to Dismiss Counterclaims (ECF No. 30) as to Defendant's Counterclaim Count II, which the Court treats as a Motion for Summary Judgment on Plaintiffs' Third Amended Complaint for Declaratory Relief (ECF No. 27) and Defendant's Counterclaim Count II (see ECF No. 28). For the reasons briefly explained below, the Court GRANTS IN PART the remaining portion of the Motion and enters judgment in favor of Plaintiffs.

**I. FACTUAL BACKGROUND**

The relevant background for this matter was described by the Maine Supreme Judicial Court, sitting as the Law Court, as follows:

> The Girouards own property located in Lewiston. In September 2004, they executed a note and mortgage deed in favor of a third party [Corestar Financial Group, LLC], and after several transactions, all rights created by the instruments were assigned to Wells Fargo. In December 2012, Wells Fargo issued to the Girouards a notice of default and right to cure. *See* 14 M.R.S. § 6111 (2014). The notice informed the Girouards that, in order to cure the default, they were required to pay $8,848.81, "plus any additional monthly payments, late charges and other charges that may be due under applicable law after the date of [the] notice and on or before thirty-five (35) days from the date of [their] signed receipt of [the notice]."

> When the Girouards failed to cure the default, Wells Fargo purported to accelerate the mortgage, and in July 2013 it initiated [an] action for foreclosure.
>
> More than a year later, on July 14, 2014, shortly after we issued our decision in *Bank of Am., N.A. v. Greenleaf,* the Girouards moved for summary judgment, arguing that the notice of default did not comply with section 6111 as interpreted in *Greenleaf. See* 2014 ME 89, ¶¶ 29-31, 96 A.3d 700 (holding that to comply with the statute, a notice of default must state the precise amount that the mortgagor must pay to cure the default, without allowing for accrual of any additional amount during the cure period). Wells Fargo filed a "limited opposition" to the Girouards' motion, agreeing that the demand letter did not meet the requirements of section 6111 and stating that "defendants' Motion for Summary Judgment should be granted for failure to properly accelerate the loan and this matter dismissed without prejudice." In September 2014, the court granted the Girouards' motion and entered summary judgment for them. In the same order, however, the court also dismissed the foreclosure action without prejudice.
>
> The Girouards then filed three post-judgment motions [and] [t]he court issued an amended order granting the motions in part, concluding that Wells Fargo had not complied with section 6111 as interpreted in *Greenleaf* because the notice of default did not state the precise amount of the payment needed to cure the default. The court [further] stated that a party's failure to comply with a "statutory requirement" leaves the court without subject matter jurisdiction. On this basis, the court amended its previous order so that summary judgment now was granted "in part" but that the foreclosure action was still "dismissed without prejudice."
>
> From that amended order, the Girouards filed a timely appeal.

Wells Fargo Bank, N.A. v. Girouard, 123 A.3d 216, 217-18 (Me. 2015) (footnotes omitted).

Before the Law Court, the Girouards "contend[ed] that the [district] court erred when it dismissed the foreclosure action and ultimately granted only partial summary judgment in their favor." Girouard, 123 A.3d at 218. After determining that the Girouards had standing to appeal the partial summary judgment, the Court concluded that

> because the notice of default issued by Wells Fargo did not meet the applicable requirements of law, the court properly entered summary judgment in favor of the Girouards, but the court erred when it characterized the disposition of the claim as a dismissal. We therefore vacate the court's orders of partial summary judgment and dismissal of the foreclosure action, and we remand to the trial court for reinstatement of the entry of full summary judgment in favor of the Girouards.

2

Id. at 219.  The Law Court, however, declined to opine "about the effect of the summary judgment order on any future action that Wells Fargo might initiate to seek the same relief based on the same rights."  Id.  After remand, the state District Court entered full summary judgment for the Girouards on November 19, 2015.  (See ECF No. 30-2.)

In December 2016, the Girouards filed a Complaint in state Superior Court requesting, in relevant part, a declaratory judgment that Wells Fargo has an obligation to discharge the mortgage. (ECF No. 1-2.)  The case was removed to this Court and Wells Fargo filed a Motion to Dismiss for failure to state a claim (ECF No. 5).  After a series of delays and procedural maneuvers not directly relevant to the matter presently before this Court, the Girouards filed a substantially amended Complaint in early 2018.  The current operative Complaint states a single claim for declaratory relief against Wells Fargo seeking a declaratory judgment that, in relevant part, the "note and mortgage are unenforceable and that [Plaintiffs] own the property free and clear of Wells Fargo's mortgage encumbrance."  (Third Am. Compl. (ECF No. 27), PageID # 155.)

In its Answer, Wells Fargo brought counterclaims for (1) unjust enrichment ("Count I") and (2) declaratory judgment/quiet title ("Count II").  (Answer (ECF No. 28), PageID #s 160-64.) Per Counterclaim Count II, Defendant specifically requests that the Court "grant judgment against Plaintiffs . . . including declaring unequivocally that Wells Fargo holds title to the Property, deeding the [P]roperty to Wells Fargo."  (Id., PageID # 163.)  Plaintiffs subsequently moved to dismiss the counterclaims for failure to state a claim.  (ECF No. 30.)  The Court heard oral argument on Plaintiffs' Motion to Dismiss on May 10, 2018.  On May 14, 2018, the Court denied Plaintiffs' Motion as to the unjust enrichment counterclaim but provided notice to the parties that it would consider Plaintiffs' claim for declaratory judgment and Defendant's mirror image

3

counterclaim for declaratory judgment under a summary judgment standard. (See ECF No. 38.) The parties have supplemented the record and provided additional briefing. (See ECF Nos. 39-42.)

## II. DISCUSSION

Generally, a party is entitled to summary judgment if, on the record before the court, it appears "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In this case, there are no factual disputes regarding Plaintiffs' Claim or Defendant's Counterclaim Count II; the Court must only consider whether either party is entitled to judgment as a matter of law.[1]

After carefully considering the record and the parties' arguments, the Court determines that the outcome for the present issue is governed by the Maine Law Court's recent decision in Pushard v. Bank of America, N.A., 175 A.3d 103 (Me. 2017). In Pushard, the Law Court examined a mortgagee bank's interest in a mortgaged property after it had lost a foreclosure action in which it purported to accelerate payments on the debt under the note and mortgage. The Law Court determined that the bank's failure to *properly* accelerate the loan under Maine law did not change the fact that the bank had, by its election to accelerate, merged all payments due under the note into a unitary debt obligation that it placed in issue in the foreclosure action. Pushard, 175 A.3d at 113-16. Therefore, the Law Court concluded, based on general res judicata principles, that "because the Bank failed to prove its claim to the unitary obligation that it placed in issue in the

---

[1] To the extent the Court's treatment of Plaintiffs' Claim and Defendant's Counterclaim Count II is akin to treatment of cross-motions for summary judgment, the presence of cross-motions does not materially affect the summary judgment analysis. See First Am. Title Ins. Co. v. Lane Powell PC, 764 F.3d 114, 118 (1st Cir. 2014) ("Crossmotions for summary judgment require us to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed.") (quotation marks omitted). Technically, a court evaluates each cross-motion for summary judgment "independently." Matusevich v. Middlesex Mut. Assur. Co., 782 F.3d 56, 59 (1st Cir. 2015). However, adherence to this "independent" review is not strictly necessary where, as in this case, the facts are entirely undisputed and the Court need not draw any factual inferences in order to determine whether either party is entitled to judgment as a matter of law.

foreclosure action, it no longer has any enforceable interest in the note or in the property set up as security for the note." Id. at 116. The Law Court vacated the judgment in the bank's favor on the plaintiffs' claim for declaratory relief and remanded the case for the trial court "to enter a judgment declaring that the note and mortgage are unenforceable and that the [plaintiffs] hold title to their property free and clear of the Bank's mortgage encumbrance." Id.

Defendant does not appear to contest that the salient conditions present in Pushard are also present in this case, including Defendant's election to accelerate the debt in its prior unsuccessful foreclosure action. Rather, Defendant attempts to side-step Pushard with an argument grounded in Maine's status as a "title theory" state. In a title theory state, a mortgage is considered "a conditional conveyance vesting the legal title in the mortgagee, with only the equity of redemption remaining in the mortgagor." Johnson v. McNeil, 800 A.2d 702, 704 (Me. 2002) (quotation marks omitted). Defendant essentially argues that because (a) Maine is a title theory state, (b) the plain language of the mortgage "expressly conveyed title to the Property" to Defendant's predecessor in interest, and (c) Plaintiffs have not exercised their equity of redemption, Defendant "currently holds title to the Property." (Def.'s Supp. Br. In Support of Summ. J. (ECF No. 39), PageID #s 228-29; Ex. A (ECF No. 39-1), PageID # 235.)

Maine's status as a title theory state is not addressed in Pushard. However, the Court sees no indication in Pushard or related cases that the Law Court would accept Defendant's argument, especially in light of the Law Court's emphasis on not creating exceptions to general res judicata principles for foreclosure actions. See, e.g., Pushard, 175 A.3d at 116. Accepting Defendant's argument would logically mean that a mortgagee could always pursue a successive action on a mortgaged property after a failed foreclosure so long as the mortgage contains boilerplate, and likely ubiquitous, language conveying title to the mortgagee.

5

Furthermore, the cases cited by Defendant are inapposite. In Johnson v. McNeil, the Law Court simply explained that a mortgagee can foreclose on a mortgage where the statute of limitations has run on the underlying promissory note. 800 A.2d at 704-05. In Joy v. Adams, the Law Court similarly held that a mortgagee can foreclose or enter upon a property even where an action on the note is statutorily barred. 26 Me. 330, 332-33 (1846). These cases simply do not stand for the proposition that a mortgagee retains an interest in a property after it has elected to accelerate the debt in an unsuccessful foreclosure action. Because the Court can discern no meaningful distinction between this case and Pushard regarding Defendant's interest in the subject property, the Court concludes that Plaintiffs are entitled to judgment as a matter of law on their claim for declaratory relief and declares that "the note and mortgage are unenforceable and that [Plaintiffs] hold title to [the] property free and clear of [Defendant]'s mortgage encumbrance." Pushard, 175 A.3d at 116. For the same reasons, Defendant's counterclaim for a declaration that it "unequivocally . . . holds title to the Property" necessarily fails.

### III. CONCLUSION

For the foregoing reasons, to the extent that the Court reserved ruling on a portion of Plaintiffs' Motion to Dismiss Counterclaims and notified the parties of its intention to treat that portion as a Motion for Summary Judgment on Plaintiffs' Claim and Defendant's Counterclaim Count II, the Court now GRANTS IN PART the Motion (ECF No. 30). As a result, judgment shall enter in favor of Plaintiffs on their Complaint and against Defendant on its Counterclaim Count II. Defendant's Counterclaim Count I (Unjust Enrichment) remains pending for independent adjudication in accordance with the Scheduling Order.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 12th day of June, 2018.