UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| ANTOINE A GIROUARD and JESSICA A. GIROUARD, | ) ) ) | |
| Plaintiffs, | ) ) | 2:17-CV-00022-LEW |
| v. | ) ) | |
| WELLS FARGO BANK NA, | ) ) | |
| Defendant. | ) | |

**ORDER OF REMAND**

As explained below, I conclude that the United States District Court lacks subject matter jurisdiction on jurisprudential grounds.

Plaintiffs, Antoine A. Girouard and Jessica A. Girouard, were the victors of a Maine District Court foreclosure action brought by Defendant, Wells Fargo on an accelerated promissory note. *See Wells Fargo Bank*, *N.A. v. Girouard*, 123 A.3d 216 (Me. 2015) (vacating district court order that dismissed foreclosure action without prejudice and remanding with instruction to grant judgment in favor of the Girouards). The foreclosure proceeding concluded when the Maine District Court entered judgment for the Girouards on the basis of Wells Fargo's failure to properly provide notice of the mortgagors' right to cure. Eighth District Court Order on Defendants' Mot. for Summary J., ECF No. 1-6.

Plaintiffs commenced this action by filing in the Maine Superior Court a complaint for declaratory and injunctive relief. Specifically, Plaintiffs requested that the state court declare that the mortgage is no longer enforceable and enjoin Defendant, Wells Fargo to

discharge the mortgage, because Plaintiffs obtained judgment in their favor in the foreclosure action. Defendant removed the action to this Court, citing diversity jurisdiction, and asserted with its answer counterclaims for declaratory relief and unjust enrichment.[1]

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.A. § 1441(a). While the parties to this action are diverse, and while the controversy over the enforceability of a promissory note and mortgage can be valued at over $75,000, jurisprudential principles that limit the exercise of subject matter jurisdiction call for remand of the action to state court.

Plaintiffs contend that, as a matter of state law, they are entitled to a declaratory judgment dispelling the cloud on their title created by the undischarged mortgage and an order that enjoins any further attempt at collection or foreclosure and requires the current holder of the mortgage to discharge it. Assuming Plaintiffs are correct, their action should proceed in state court under Maine Rule of Civil Procedure 70. Conceivably, upon remand, the Maine Superior Court can transfer the matter to the Maine District Court to permit that proceeding to take place in the proper venue. Regardless, even if the Superior Court retains

---

[1] On October 31, 2017, Plaintiff filed an amended complaint to join Wilmington Savings Fund Society, to whom Defendant Wells Fargo evidently assigned the mortgage following the unsuccessful foreclosure.

the matter for adjudication on the current pleadings, the matter raised by Plaintiff's complaint does not belong in federal court.[2]

Federal district courts regularly dismiss, on jurisdictional grounds, actions brought by "state-court losers" challenging state-court judgments rendered before the commencement of the new action. *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam). Although this case was not commenced in federal court, and although Plaintiffs were the winners rather than the losers in state court, Plaintiffs seek to achieve in this action supplemental relief that they say they are entitled to by dint of the state court judgment. Simply stated, it is not the duty of the federal district courts to supplement the relief awarded in final state court judgments, any more that it is the duty of federal district courts to issue orders that invalidate final state court judgments. *Cf. Armistead v. C & M Transp., Inc.*, 49 F.3d 43, 47–48 (1st Cir. 1995) (citing *Barrow v. Hunton*, 99 U.S. 80, 82-83 (1879) (explaining that federal courts may not exercise control over state proceedings by entertaining supplementary actions which are but incidents of state suits); and *MacKay v. Pfeil*, 827 F.2d 540, 545 & n.12 (9th Cir. 1987) (holding that a request for declaratory relief that does not state a new case arising upon new facts, but in reality seeks review and correction of a state court judgment is not within federal court's original jurisdiction)).

In my view, an abstention doctrine must apply under these circumstances, and the most likely candidate is the *Colorado River* abstention doctrine. While federal courts have a "'virtually unflagging obligation' to exercise their lawful jurisdiction and resolve the

---

[2] Defendant Wells Fargo's counterclaim states a claim for relief that is within this Court's diversity jurisdiction. However, removal jurisdiction does not arise on the basis of a counterclaim.

matters properly before them," *Nazario-Lugo v. Caribevision Holdings, Inc.*, 670 F.3d 109, 114 (1st Cir. 2012) (quoting *Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976)), the duty "is not absolute, and departure from it is permitted 'in otherwise exceptional circumstances, where denying a federal forum would clearly serve an important countervailing interest.'" *Id.* (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)).

Here, given that the relief requested in this action should have been part and parcel of the state court judgment – assuming Plaintiffs are correct on the merits – there is a "clear" justification for according deference to state court proceedings. *Colorado River* abstention is warranted where the state court exercised jurisdiction over a res, the institution of the new suit by Plaintiff to obtain declaratory and injunctive remedies involves piecemeal litigation where the state court has already completed it proceedings, state law controls the merits and a declaration by this Court is not binding in future state court proceedings,[3] the state forum is an ideal forum for litigation of interests arising from the foreclosure of real property and was the forum Defendant selected for its failed foreclosure action, and Defendant's removal of the action from state court is at odds with its earlier decision to pursue foreclosure against Plaintiffs in state court. *Nazario-Lugo*, 670 F.3d at 114 (collecting *Colorado River* factors). In short, consigning this matter to the

---

[3] More pointedly, the *Colorado River* Court opined that "abstention is also appropriate where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result of the case then at bar." 424 U.S. at 814. Certainly, there is a matter presented of substantial public importance here. Furthermore, although the actual circumstances evidently do not raise the concern here, if Defendant or another party were to attempt foreclosure against Plaintiff in state court, while this action is pending, this Court could not enjoin those proceedings. 28 U.S.C. § 2283.

4

state court ensures the "comprehensive disposition of litigation" in the forum that already ruled on the foreclosure matter. *Colo. River*, 424 U.S. at 817-19.

The prior, non-final interlocutory order[4] issued in this matter is hereby vacated pursuant to Rule 54(b) and the case is remanded to the state court.

**SO ORDERED.**

Dated this 30th day of January, 2019.

/S/ Lance E. Walker
**LANCE E. WALKER**
**UNITED STATES DISTRICT JUDGE**

---

[4] On June 12, 2018, the Court issued an order on Plaintiff's motion to dismiss Defendant's counterclaims for competing declaratory relief. Order on Plaintiffs' Mot. to Dismiss Counterclaims (ECF No. 43). In its order the court converted the matter to summary judgment proceedings and awarded judgment in favor of Plaintiffs.