UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| ANTOINE A. GIROUARD and JESSICA A., GIROUARD, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 2:17-cv-00022-LEW |
| WELLS FARGO BANK, N.A., | ) ) ) | |
| Defendant. | ) ) | |

**ORDER ON MOTION TO SET ASIDE JUDGMENT AND/OR MOTION TO RECONSIDER PRIOR ORDER**

This Court previously granted summary judgment to Plaintiffs Antoine A. Girouard and Jessica A. Girouard and awarded their requested declaratory judgment declaring that their note and mortgage are unenforceable and that they own their property free and clear of Defendant Wells Fargo Bank, N.A.'s mortgage encumbrance. Under then-existing Maine law, because Wells Fargo botched its prior foreclosure attempt, it was precluded from attempting to recover on the note or enforce the mortgage, so the Girouards held title to their property free and clear of Wells Fargo's mortgage encumbrance. *Pushard v. Bank of Am, N.A.*, 175 A.3d 103, 116 (Me. 2017), *overruled by Finch v. U.S. Bank, N.A.*, 307 A.3d 1049 (Me. 2024). Following a sea change in Maine foreclosure law brought about by the Law Court's recent decision in *Finch v. U.S. Bank, N.A.*, Wells Fargo filed a Motion to Set Aside Judgment and/or Motion to Reconsider Prior Order (ECF No. 83). Because

*Finch* warrants reconsideration and supports Wells Fargo's requested declaratory relief, the Motion is GRANTED IN PART and DENIED IN PART as explained below.

## BACKGROUND

In September 2004, the Girouards "executed a note and mortgage deed in favor of a third party, and after several transactions, all rights created by the instruments were assigned to Wells Fargo." *Wells Fargo Bank*, *N.A. v. Girouard*, 123 A.3d 216, 217 (Me. 2015). In December 2012, Wells Fargo issued a notice of default and right to cure to the Girouards. *Id.*; *see* 14 M.R.S. § 6111. The notice stated that the Girouards were required to pay $8,848.81, "plus any additional monthly payments, late charges and other charges that may be due under applicable law after the date of [the] notice and on or before thirty-five (35) days from the date of [their] signed receipt of" the notice. *Wells Fargo Bank*, *N.A.*, 123 A.3d at 217 (alterations in original). After the Girouards failed to cure the default, Wells Fargo "purported to accelerate the mortgage, and in July 2013," it initiated a foreclosure action in Maine State court. *Id.* Eventually, the Girouards moved for summary judgment on the ground that the notice of default did not comply with the requirements of § 6111. Wells Fargo agreed that the demand letter was flawed, and it argued that the case should be dismissed without prejudice. *Wells Fargo Bank*, *N.A.*, 123 A.3d at 217. Ultimately, the district court granted the Girouards' motion for summary judgment in part and dismissed the foreclosure action without prejudice. *Id.* at 218.

On appeal, the Girouards argued that the court erred by dismissing the foreclosure action and granting only partial summary judgment in their favor. *Id.* The Law Court agreed, holding that the proper disposition was the full entry of summary judgment in favor

of the Girouards. *Id.* at 219. The Law Court declined to opine "about the [preclusive] effect of the summary judgment order on any future action that Wells Fargo might initiate to seek the same relief based on the same rights." *Id.* On remand, the Maine District Court entered summary judgment in favor of the Girouards. (ECF No. 30-2.)

In December 2016, the Girouards sued Wells Fargo in the Maine Superior Court and requested, in part, a declaratory judgment that Wells Fargo was obliged to discharge the mortgage. Compl. (ECF No. 1-2). Wells Fargo removed the matter to this Court. The Girouards' operative pleading requests declaratory relief declaring that the note and mortgage are unenforceable and that they hold their property free and clear of Wells Fargo's mortgage encumbrance. Pls.' Third Am. Compl. (ECF No. 27). In its Answer (ECF No. 28), Wells Fargo asserted two counterclaims. In Count I, Wells Fargo asserted an unjust enrichment claim against Plaintiffs. *See id.* at 5–6. In Count II, Wells Fargo asserted a "declaratory action / action to quiet title under" 14 M.R.S. § 6651. Answer at 7. Wells Fargo requested a declaratory judgment declaring that Wells Fargo holds title to the property and requested that the Court deed the property to Wells Fargo. *See id.* at 7–8.

In June 2018, District Judge George Z. Singal granted summary judgment in favor of the Girouards and against Wells Fargo on the competing claims for a declaratory relief. *See* Order on Pls.' Mot. to Dismiss Counterclaims (ECF No. 43). Judge Singal reasoned that the Law Court's decision in *Pushard v. Bank of America*, *N.A.* was dispositive. 175 A.3d 103 (Me. 2017).

In *Pushard*, the Law Court examined a mortgagee bank's interest in a mortgaged property after it lost a foreclosure action in which it purported to accelerate payments on

the debt under the note and mortgage. The Law Court explained that "because the Bank failed to prove its claim to the unitary obligation that it placed in issue in the foreclosure action, it no longer has any enforceable interest in the note or in the property set up as security for the note." *Id.* at 116. Thus, the mortgagors had no obligation to make further payments on the note. *See id.* Under *res judicata* principles, the mortgagee was thus "precluded from seeking to recover on the note or enforce the mortgage." *Id.* Accordingly, the mortgagors were entitled, as a matter of law, to a declaratory judgment declaring the note and mortgage unenforceable and that they held title to their property free and clear of the bank's mortgage encumbrance. *Id.*

Judge Singal reasoned that Wells Fargo was in the same position as the bank in *Pushard* because Wells Fargo similarly elected to accelerate the debt in its prior unsuccessful foreclosure action. Thus, Wells Fargo was likewise precluded from recovering on the note and enforcing the mortgage. Accordingly, Judge Singal awarded judgment in favor of the Girouards on their Complaint and against Wells Fargo on Count II of its counterclaim. Thereafter, Wells Fargo's counterclaim for unjust enrichment remained, and Wells Fargo submitted a Motion for Summary Judgment (ECF No. 51). This case was then reassigned to me. In January 2019, I remanded the case to the Maine Superior Court, reasoning that this Court lacked subject-matter jurisdiction. Order of Remand to the State Court (ECF No. 56). In that Order, I also vacated Judge Singal's prior summary judgment award.

Wells Fargo appealed and the First Circuit summarily reversed my Order of Remand in 2022. *See* Judgment (ECF No. 64). The First Circuit remanded the case with directions

to resume jurisdiction, retrieve the action from state court, and to proceed in the ordinary course. The First Circuit "expect[ed]" that I would reinstate the order for partial judgment in favor of the Girouards, *id.* at 2, which I did, Procedural Order (ECF No. 69).

In April 2022, Wells Fargo moved for a stay pending the Law Court's then-pending decision in *Finch v. U.S. Bank, N.A* because it would reexamine *Pushard*. The Girouards consented to the stay, and this case was stayed.

In January 2024, the Law Court decided *Finch*. 307 A.3d 1049 (Me. 2024). *Finch* overruled *Pushard*, holding that "when a lender fails to prove in a foreclosure action that it has issued a valid notice of acceleration or fails to prove that the borrower has breached the parties' contract, the parties are returned to the positions they occupied before the filing of the action," "except as to any claim for an unaccelerated amount due that could have been litigated." *Finch*, 307 A.3d at 1065. Thus, the mortgagors could not receive a "free house" by virtue of a mortgagee blundering a notice of default in a prior attempted foreclosure. *Id.* at 1068.

With *Finch* having been decided, Wells Fargo filed its Motion to Set Aside Judgment and/or Motion to Reconsider Prior Order. Wells Fargo contends that the *Finch* decision supports reexamining this Court's June 2018 Order granting summary judgment to the Girouards. Furthermore, Wells Fargo argues that it is now entitled to summary judgment as to its requested declaratory relief.

## DISCUSSION

"On motion and just terms, the court may relieve a party" "from a final judgment, order, or proceeding" for any "reason that justifies" such relief. Fed. R. Civ. P. 60(b)(6).

5

"Motions for reconsideration are entertained by courts if they seek to correct manifest errors of law, present newly discovered evidence, or when there is an intervening change in law." *Cardona Román v. Univ. of P.R.*, 799 F. Supp. 2d 120, 132 (D.P.R. 2011).

The Girouards agree that reconsideration is appropriate, Pls.' Resp. (ECF No. 84) at 3, so I proceed to re-examine Wells Fargo's requested declaratory relief.

Parties "may move for summary judgment" and must "identif[y] each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any material fact and the established material facts entitle the movant to judgment as a matter of law. *Viscito v. Nat'l Planning Corp.*, 34 F.4th 78, 83 (1st Cir. 2022). A factual dispute is genuine if the evidence would permit a reasonable jury to resolve the dispute in the favor of the non-moving party. *Rodríguez-Cardi v. MMM Holdings, Inc.*, 936 F.3d 40, 47 (1st Cir. 2019). A fact is material if it has the potential to affect the outcome of the suit under the governing law. *Id.* at 46. Once the moving party shows the absence of any disputed material fact, the non-moving party bears the burden of placing at least one material fact into dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Judge Singal previously recognized that there were no factual disputes regarding the Girouards' claim or Wells Fargo's counterclaim for declaratory relief. *See* Order on Pls.' Mot. to Dismiss Counterclaims at 4. In support of its Motion, Wells Fargo maintains that the undisputed facts demonstrate that it has legal title to the property in question. Indeed, the 2018 summary judgment record reflects that the Girouards obtained a mortgage in 2004 from Corestar Financial Group, LLC, that the mortgage was assigned to Wachovia

Mortgage Corporation, and that Wachovia merged into Wells Fargo in 2010. (ECF Nos. 39-1, 39-2, 39-3.) Subsequently, Wells Fargo assigned the mortgage to Wilmington Savings Fund Society, FSB. (ECF No. 39-4.) In 2018, Wilmington Savings assigned the mortgage back to Wells Fargo.[1] (ECF No. 39-5.)

The terms of the mortgage state with metaphysical certainty that Wells Fargo, as the mortgagee, has title to the property. *See* ECF No. 39-1 at 4 ("I mortgage, grant and convey the Property to Lender . . . and to its successors and assigns, forever."). And "Maine is a title theory state, [so a] 'mortgage is a conditional conveyance vesting the legal title in the mortgagee, with only the equity of redemption remaining in the mortgagor.'" *KeyBank Nat'l Ass'n v. Keniston*, 298 A.3d 800, 805 (Me. 2023) (quoting *Johnson v. McNeil*, 800 A.2d 702, 704 (Me. 2002)). With *Pushard* having been overruled, Wells Fargo has demonstrated that it holds title to the property.

In response, the Girouards argue that insofar as Wells Fargo seeks to quiet title, its request fails since it is not in possession of the property. *See* 14 M.R.S. § 6651. I agree that a quiet title action is an improper vehicle for Wells Fargo's requested relief.[2] *See Levis v. Konitzky*, 151 A.3d 20, 29 (Me. 2016) (explaining that "the quiet title statute provides

---

[1] The Girouards argue that Wells Fargo's representation that they conceded all of the facts within Wells Fargo's motion is incorrect because the Girouards did not "conced[e] the validity of any transfer from the original mortgage lender, Corestar," to any subsequent holder. Pls.' Resp. at 5. The Girouards, however, stipulated that the mortgage has been validly assigned and that Wells Fargo holds the note. *See* Local Rule 56(h) Stipulated R. (ECF No. 50) at 1–2. In any event, the Girouards have not come forward with any evidence suggesting that the mortgage was improperly transferred.

[2] The Girouards are mistaken in arguing that Wells Fargo is attempting to sidestep the requirements of Maine's foreclosure requirements. Wells Fargo is not requesting foreclosure. Def.'s Reply (ECF No. 85) at 2. Rather, having been sued by the Girouards, Wells Fargo requested a declaratory judgment declaring that it holds title to the property in question. *Id.*; *see also* Answer at 8–9.

that a person may bring a quiet title action if he or she has been in uninterrupted, i.e. continuous and exclusive, possession for the four years preceding the commencement of the action").[3] Nonetheless, Wells Fargo's requested declaratory relief is appropriate under the Uniform Declaratory Judgments Act, 14 M.R.S. §§ 5951–5963. *See Welch v. State*, 853 A.2d 214, 216 n.3 (Me. 2004) (explaining that while there are procedural differences between a quiet title action and a declaratory judgment action, that "a declaratory judgment action is a valid means of bringing what is functionally, a quiet title action").

Lastly, the Girouards argue that a foreclosure court—and not this Court—should determine Wells Fargo's position as holder of the mortgage. Pls.' Resp. at 7–8. They further argue that Wells Fargo's unjust enrichment counterclaim is moot because Wells Fargo now has a contractual remedy, so the Girouards request dismissal of both parties' complaints without prejudice. But the pending motion does not necessitate a ruling on the unjust enrichment counterclaim, so I do not reach it. However, Wells Fargo has expressed that it anticipates voluntarily dismissing the unjust enrichment claim without prejudice if it received its requested declaratory relief. Furthermore, nothing about this ruling will alleviate Wells Fargo's obligations to comply with Maine's foreclosure requirements should it decide to foreclose on the property.

---

[3] There may be some additional obstacles to Wells Fargo bringing an action to quiet title under 14 M.R.S. § 6651. *See Lister v. Bank of Am., N.A.*, 790 F.3d 20, 25 (1st Cir. 2015) (reasoning that because the mortgagor and mortgagee have separate claims to title in a title-theory state—with the mortgagor having an equitable interest and the mortgagee having a legal interest—that their respective estates are not adverse within the meaning of a quiet title statute); *see also Lemelson v. U.S. Bank Nat. Ass'n*, 721 F.3d 18, 23–24 (1st Cir. 2013).

## CONCLUSION

For these reasons, Wells Fargo's Motion to Set Aside Judgment and/or Motion to Reconsider Prior Order (ECF No. 83) is **GRANTED IN PART** and **DENIED IN PART**. Judgment will enter in favor of Wells Fargo on Count II of its Counterclaim and against the Girouards insofar as Wells Fargo requested a declaratory judgment declaring that it holds title to the property. To the extent that Wells Fargo brought an action to quiet title in Count II of its Counterclaim, judgment will enter in favor of the Girouards and against Wells Fargo. This also calls for judgment to enter in favor of Wells Fargo and against the Girouards on the solitary claim stated in their Third Amended Complaint.[4] Count I of Wells Fargo's Counterclaim, alleging unjust enrichment, remains pending for independent adjudication.

SO ORDERED.

Dated this 2nd day of August, 2024.

/s/ Lance E. Walker
Chief U.S. District Judge

---

[4] The Girouards asked for "a declaratory judgment declaring that the Plaintiffs' note and mortgage are unenforceable and that they own the property free and clear of Wells Fargo's mortgage encumbrance." Third Am. Compl. at 3. That relief is no longer appropriate in the wake of *Finch* since Wells Fargo could seek foreclosure. Federal Rule of Civil Procedure 56(f)(1) permits this entry of summary judgment because the Girouards have been given "notice and a reasonable time to respond." The parties have appreciated the effect of *Finch* on this case, and the Girouards even proposed that the Court "revisit" summary judgment "for the purpose of dismissing all counts with prejudice." Pls.' Resp. at 3.